UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

INDIANAPOLIS DIVISION

| | |
|---|---|
| Julie Hermanstorfer,<br>Plaintiff,<br>v.<br><br>ConAgra Foods, Inc.,<br>Defendant. | ) 1:10-cv-0778-JMS-DML<br>)<br>) Case No. <u>not yet assigned</u><br>)<br>) DEMAND FOR JURY TRIAL<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Plaintiff, by and through counsel, and for Complaint against the Defendant, states as follows:

### I. PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, Julie Hermanstorfer, has resided at 3317 N. State Road 75, North Salem, IN, and is a citizen of Hendricks County.

2. At all times relevant hereto, Defendant Corporation, a corporation licensed and doing business in Indianapolis, IN, is and at all times mentioned herein was an employer within the meaning of the Americans with Disabilities Act (ADA).

3. This Court has jurisdiction over this matter because this matter involves a federal question based upon the Americans With Disabilities Act of 1990.

4. The Southern District of Indiana, Indianapolis Division is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the district and division in which Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

### II. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

5. Plaintiff, Julie Hermanstorfer, is a qualified individual with a disability within the meaning of the Americans with Disabilities Act of 1990 and the Family Medical Leave Act.

6. In or about February 2007, Defendant hired Plaintiff as an temporary employee through a temporary employment agency.

7. In or about October 2007, Defendant hired Plaintiff as a full-time employee.

8. Plaintiff took a short-term disability leave from December 2007 to February 2008 for severe fatigue and other dibilitating symptoms.

9. On or about February 3, 2008, during her leave, Plaintiff was diagnosed with sleep apnea.

10. During her leave, Plaintiff noticed a marked improvement in her physical and mental well being. Upon her return to work on or about February 10, 2008, Plaintiff noticed a return and heightening of her symptoms.

11. In or about February or March 2008, Defendant found a considerable amount of toxic black mold in the building, including Stachybotrys, Penicillium, and Aspergillus. The building also contained excessive levels of ammonia gas and other chemicals.

12. On or about April 7, 2008, Plaintiff's physician diagnosed her with mold toxicity, chemical sensitivity, and inhalation of ammonia gas and placed her on temporary total disability from work.

13. After the diagnosis and prior to the date of her termination, Plaintiff requested on several occasions that Defendant "reasonably accommodate" her disability so she could return to work.

14. On or about September 20, 2008, Plaintiff's physician indicated that Plaintiff could return to work provided she was not exposed to ammonia or mold.

15. Defendants refused to reasonably accommodate Plaintiff in order to allow her to return to work.

16. Defendant refused to provide the chemical MSDS sheets and environmental mold studies to either Plaintiff or her physician in order for her physician to properly determine whether Plaintiff's return to work was safe.

17. On or about September 22, 2008, Defendant denied Plaintiff long-term diability benefits.

18. On or about October 3, 2008, Defendant terminated Plaintiff's FMLA and/or State leave benefits.

19. On or about February 20, 2009, instead of reasonably accomodating Plaintiff so she could return to work, Defendant terminated Plaintiff.

## COUNT I
## DISABILITY DISCRIMINATION

20. The allegations contained in paragraphs 1 through 19 inclusive are hereby incorporated by reference.

21. From the time of her injury to the day of her termination, Plaintiff was capable of performing the duties of several available suitable positions at the Defendant's facilities.

22. From the time of her injury to the day of her termination, Plaintiff was willing and available to be placed in available suitable positions at the Defendant's facilities.

23. During such time, Defendants continually, intentionally, and in a discriminatory manner refused to reasonably accommodate Plaintiff's disability to allow Plaintiff to return to her former position or any other position.

24. Defendant's February 2008 termination of Plaintiff was not based on any medical justification and was discriminatory to Plaintiff. Defendant terminated Plaintiff because of her disability.

25. Such adverse employment actions by Defendant are in violation of the ADA.

26. Following Defendant's termination of Plaintiff, Defendant sought to replace Plaintiff with with a non-disabled individual.

27. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

## COUNT II

### MENTAL AND EMOTIONAL DISTRESS

28. The allegations contained in paragraphs 1 through 27 inclusive are hereby incorporated by reference.

29. Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

30. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

**WHEREFORE**, Plaintiff respectfully prays to this Court as follows:

A. For all other compensatory and punitive damages with respect to the statutory and tort claims in an amount of $120,000;

B. For medical and related expenses;

C. For lost past and future earnings;

B. For reasonable costs, including attorney's fees; and

C. For all other equitable and legal relief to which Plaintiff appears entitled.

Respectfully submitted,

_____
Philip D. Sever, Attorney No. 25384-49
Attorney for Plaintiff
SEVER-STOREY LLP
770 3rd Ave. SW
Carmel, Indiana 46032
Telephone: 317-575-9942

3